IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WAYNE LESTARCZYK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Judge Wayne R. Andersen |
| v. ) | |
| ) | No. 04 C 2551 |
| AGRI-BEST FOODS, INC., an Illinois ) | |
| corporation, DOUG BOADWAY, ) | |
| individually, BILL KULACH, individually, ) | |
| CHRIS KOZIEL [sic], individually, and ) | |
| KEVIN DAVIDSON, individually, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the renewed motion of defendants, Agri-Best Foods, Inc., Doug Boadway, Bill Kulach, Chris Koziol, and Kevin Davidson, to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the motion to dismiss is granted.

### BACKGROUND

Plaintiff, Wayne Lestarczyck has filed a complaint against Agri-Best Foods, Inc., Doug Boadway, Bill Kulach, Chris Koziol, and Kevin Davidson, alleging unlawful interference and restraint from exercising his leave rights under the Family and Medical Leave Act (FMLA). On November 7, 2003, Plaintiff, who was the president and co-owner of Agri-Best, sold Agri-Best in a stock purchase transaction. As part of the transaction, Agri-Best, under its new owners, entered into a five-year Employment Agreement with Plaintiff, changing his position from president to salesperson/consultant.

About one week later, on November 13, 2003, Plaintiff sustained serious injuries in a motorcycle accident. On November 17, 2003, Plaintiff notified Agri-Best about his injuries, hospitalization, and temporary inability to perform his duties as salesperson/consultant. Plaintiff alleges that Agri-Best told him that his absence was permissible and never gave him a deadline to return to work. Plaintiff alleges that Agri-Best did not indicate that Plaintiff's job was in jeopardy. On January 12, 2004, eight weeks after Plaintiff began his leave of absence, Agri-Best terminated his employment for failing to report to work and perform his job duties under the Employment Agreement.

Defendants filed a motion to dismiss pursuant to Rule 12(b)(1). They claim that Plaintiff is not an "eligible employee" under FMLA and is, instead, specifically excluded from the Act's protections. Given that the FMLA claim is Plaintiff's only federal cause of action, Defendants seek to dismiss the entire complaint for lack of subject matter jurisdiction.

## DISCUSSION

In ruling on a motion to dismiss pursuant to Fed. R. Civ. Pro 12(b)(1), the court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff. *Rueth v. United States Environmental Protection Agency*, 13 F.3d 227, 229 (7th Cir. 1993). For the purpose of determining subject matter jurisdiction, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel v. Michael*, 66 F.3d 894 (7th Cir. 1995). The

burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction. *United States v. Phosphorus, Ltd., v. Angus Chemical Co.,* 322 F.3d 942, 946 (7th Cir. 2003).

On February 25, 2005, we denied defendants' original motion to dismiss because the parties submitted conflicting evidence as to how many employees Agri-Best employed during the pay period in which Plaintiff gave notice of the need for medical leave. We allowed discovery to proceed on the limited issue of how many employees Defendants employed to determine whether Plaintiff could state a cause of action under the FMLA. Defendants have now renewed their motion to dismiss.

Discovery has revealed that it is undisputed that, during the pay period encompassing November 17, 2003, the date Plaintiff informed Agri-Best that he could not return to work due to injuries, there were 36 employees, not 50 or more employees. In order for the Act to apply, the employer must employ 50 or more employees within 75 miles of the Plaintiff's worksite. See 29 U.S.C. § 2611(2)(B)(ii); 29 C.F.R. § 825.110(a); 29 C.F.R. § 825.110(f).

We find that Plaintiff is not an eligible employee for the purposes of the FMLA because Agri-Best only employed 36 employees at the time Plaintiff gave notice of the need for his leave. Therefore, Plaintiff cannot maintain a claim pursuant to the FMLA. See 29 U.S.C. § 2611(2)(B)(ii). Count I of Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction. See 29 U.S.C. § 2611(2)(B)(ii);*Bliss v. Jennifer Convertibles, Inc.,* 2003 WL 22239655 (N.D. Ill.2003); *Weesner v. Glickman,* 59 F. Supp.2d 783 (N.D. Ind. 1999).

Upon the dismissal of Count I, which constitutes the only claim over which the Court has original jurisdiction, we decline to exercise supplemental jurisdiction over, and

accordingly dismiss, the remaining Counts II, III, and IV which are based on state law. See 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the foregoing reasons, we grant the renewed motion of Defendants Agri-Best Foods, Inc., Doug Boadway, Bill Kulach, Chris Koziol and Kevin Davidson to dismiss Plaintiff's complaint.

This case is hereby terminated. This is a final and appealable order.

Wayne R. Andersen
United States District Judge

Dated: August 24, 2005

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 1674 | **DATE** | August 24, 2005 |
| **CASE TITLE** | William E. Dugan, et al. vs. Midwest Brick Paving, Inc. | | |

**DOCKET ENTRY TEXT:**

For the foregoing reasons, plaintiffs' motion to strike defendant's affirmative defenses [14] is denied.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

This case is before the Court on the motion of Plaintiffs to strike Defendant's affirmative defenses. For the following reasons, the motion to strike is denied.

Plaintiffs brought this lawsuit seeking an audit of the Defendant's books and records. Defendant filed its Answer in which it denied its obligations to pay fringe benefits on behalf of employees and questioned the collective bargaining agreement upon which the Complaint was based. In addition, Defendant raised three affirmative defenses, which Plaintiffs now seek to strike.

In affirmative defense number one, Defendant states that there are no employees covered by the collective bargaining agreement with the Operating Engineers. Plaintiffs' motion to strike this affirmative defense is denied because the employer defendant has an ability to raise, as an affirmative defense, the fact that there are no employees performing work covered by the collective bargaining agreement. Thus, the motion to strike this affirmative defense is denied.

The second affirmative defense asserts that this lawsuit is an attempt to create a jurisdictional dispute between the Operating Engineers and the Laborers' Union. Although we are not entirely sure as to what impact this affirmative defense would have on the litigation, because Defendant claims that discovery is needed on this issue, we will let it stand for now. Therefore, the motion to strike this affirmative defense is denied.

In affirmative defense number three, Defendant raises a question of waiver by a representative of the Plaintiffs' funds. The issue of waiver is appropriately raised as an affirmative defense. Thus, the motion to strike this affirmative defense is denied.

For the foregoing reasons, Plaintiffs' motion to strike Defendant's affirmative defenses is denied.

Wayne R. Andersen
United States District Judge

Dated: August 24, 2005